UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07CR270 HEA |
| ) | |
| JUANELL CARTER, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the Memorandum and Recommendation, [Doc. No. 48], of United States Magistrate Judge Frederick R. Buckles pursuant to 28 U.S.C. § 636(b), in which Judge Buckles recommends that Defendant's Motion to Suppress Physical Evidence, [Doc. No. 33], be denied. Defendant has filed Objections to the Memorandum and Recommendation.

When a party objects to a magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.2003) (citing 28 U.S.C. § 636(b)(1)). This includes a *de novo* review of the magistrate's findings of fact, including any credibility determinations. *Id*. The court has reviewed the entire record, including listening to

the audio recording of the hearing held on July 25, 2007 and reading the transcript of said hearing.

## Discussion

Defendant objects to Judge Buckles's findings of fact and conclusions of law that the stop and search of Defendant was based on probable cause. Defendant further asserts that the statements elicited from him after the allegedly illegal warrantless stop were custodial and were made after Defendant was detained, and thus, the protections afforded him by *Miranda v. Arizona*, 384 U.S. 436 (1966), were not observed or when those protections were not observed, he was denied his constitutional right to remain silent.

> For an officer to perform an investigatory stop of a vehicle, there must be reasonable suspicion as required under *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See United States v. Bell,* 480 F.3d 860, 863 (8th Cir.2007) (applying the *Terry* standard of reasonable suspicion to an investigatory traffic stop). Under the *Terry* standard, law enforcement officers are permitted to detain an individual for a brief period of time if they have a reasonable suspicion that criminal activity is afoot. *See* 392 U.S. at 30, 88 S.Ct. 1868. In order for such a stop to be constitutional under the Fourth Amendment, the officer must be aware of "particularized, objective facts, which, taken together with rational inferences from those facts, reasonably warrant suspicion that a crime is being committed." *United States v. Martin,* 706 F.2d 263, 265 (8th Cir.1983). "Whether the particular facts known to the officer amount to an objective and particularized basis for a reasonable suspicion of criminal activity is determined in light of the totality of the circumstances." *United States v. Halls,* 40 F.3d 275, 276 (8th Cir.1994) (quotation marks omitted). "While 'reasonable

suspicion' must be more than an inchoate 'hunch,' the Fourth
Amendment only requires that police articulate some minimal,
objective justification for an investigatory stop." *United States v. Fuse,*
391 F.3d 924, 929 (8th Cir.2004).

*U.S. v. Walker,* 494 F.3d 688, 691 8th Cir. 2007).

The record establishes that the focus of detaining Defendant was based on the reasonable suspicion that criminal activity may have been afoot. Officer Tesreau testified to the circumstances giving rise to defendant's detention. Judge Buckles summarized the testimony as follows: Officer Tesreau had observed two cars apparently driving together in a very slow manner; it was late at night in an area known for drug trafficking and gang activity; the cars were driving in a circuitous route which returned them to the direction from which they had come; the car was registered to PBC Holding, a rental company. Rental cars and particularly cars from PBC Holding, had been used in drug trafficking activity in the past; the driver of the car was leaning back in the seat and moving his hands about at his right; the driver refused to respond to Officer Tesreau's commands to show his hands. Considering all of these facts, the totality of the circumstances gave rise to Officer Tesreau's reasonable suspicion that criminal activity was afoot, and as such, his stop and brief detention of Defendant falls within the perimeters of *Terry*.

Defendant finally got out of the car. Officer Tesreau shined his flashlight into

the back seat of the car and saw a brown paper bag on the seat. When asked, Defendant said that the bag contained "pills." Defendant responded to Officer Tesreau's question of what kind of pills: "just pills." Defendant told Officer Tesreau he could look in the bag when the officer asked him. The bag contained numerous empty clear gelatin capsules. The bag was marked with the number "1000" in black marker. From his experience and training, Officer Tesreau knew that such capsules were used to package illicit drugs for sale. Defendant told he was being detained pending further investigation. Officer Tesreau's investigation from a computer check revealed that Defendant had convictions for Manslaughter and Assault First Degree, and that he was on parole.

Defendant's arrest was based on probable cause. As Judge Buckles correctly articulated, it is unlawful to possess with intent to use any paraphernalia that may be used to pack, store or contain any controlled substance. § 195.233.1 R.S.Mo. Based on Officer Tesreau's training and experience, the manner in which the capsules were packaged, and the number found, there was probable cause for Officer Tesreau to arrest Defendant. Defendant's objection with respect to his initial detention is overruled.

Moreover, Defendant's statements were not obtained in violation of his rights. The Supreme Court has recognized that "[i]f a motorist who has been

detained pursuant to a traffic stop thereafter is subjected to treatment that renders him 'in custody' for practical purposes, he will be entitled to the full panoply of protections prescribed by *Miranda*." *Berkemer v. McCarty,* 468 U.S. 420, 440 (1984). However, " 'most *Terry* stops do not trigger the detainee's *Miranda* rights.' " *United States v. Martinez,* 462 F.3d 903, 909 (8th Cir.2006), *cert. denied,* 127 S.Ct. 1502 (2007) (quoting *United States v. Pelayo-Ruelas,* 345 F.3d 589, 592 (8th Cir.2003)).

On these facts, the Court finds the detectives were not required to advise the Defendant of his rights under *Miranda* following the search of their vehicle and prior to their arrest. The questioning by Officer Tesreau pertained to Defendant's driving pattern and was directly related to Officer Tesreau's reasonable suspicions. Defendant was not patted down or restrained in any manner, and no force of any sort was displayed or exerted during the course of these few questions. As such, under the totality of the circumstances, the Court finds that Defendant was not in custody for purposes of *Miranda,* and his statements made during the course of the investigation are not subject to suppression. Defendant's objection is therefore overruled.

Defendant also argues that there is insufficient evidence that supports the finding that the suppression testimony of Officer Tesreau is reliable and admissible.

Defendant was given an opportunity cross exam Officer Tesreau. This Court has listened to his testimony in its entirety and has read the transcript of the hearing. Defendant has presented nothing in support of his conclusory argument that Officer Tesreau's testimony is not credible and reliable. Defendant's objection is overruled.

## Conclusion

Having conducted a *de novo* review of the Motion and the record before the Court, Defendant's objections are overruled. The Court, therefore will adopt Judge Buckles' Recommendation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Suppress Physical Evidence, [Doc. No. 33], is **DENIED**.

Dated this 6th day of March, 2008.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE